**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division**

**TRACTOR SUPPLY COMPANY,**
   **Plaintiff,**

v.

**UNIFIRST CORPORATION and
ESIS, INC.,**
   **Defendants.**

Civil Action No. 3:21-CV-00016
Chief Judge Crenshaw
Magistrate Judge Holmes

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held telephonically on May 10, 2021. Counsel participating were: John Lewis and Taylor George for Plaintiff; Graham Matherne and Andrew Pulliam for Defendant Unifirst Corporation; and, Todd Presnell for Defendant Esis, Inc. From the proposed initial case management order submitted by the parties (Docket No. 32) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted:

  A.  JURISDICTION: The court has jurisdiction pursuant to 28 USC § 1332 (diversity of citizenship).

  B.  BRIEF THEORIES OF THE PARTIES:

**For Plaintiff**:

Tractor Supply Company ("Tractor Supply") contends that UniFirst Corporation ("UniFirst"), in a conspiracy with ESIS, Inc. ("ESIS"), knowingly and deliberately engaged in a series of wrongful actions, including breaches of contract and independent torts to intentionally cause damage to Tractor Supply. Knowing the law of insurance and the insurance policy on which Tractor Supply

1

was an additional insured, UniFirst affirmatively acted to prevent access to the policy's proceeds, with the active participation of ESIS. Each is liable in tort and breach of contract, in addition to statutory liability.

**For Defendant UniFirst Corporation**:

UniFirst did not breach its contract with Tractor Supply, which contract was the Textile Rental Services Agreement dated September 1, 2017 ("2017 Contract"). Tractor Supply asserts that UniFirst breached by not indemnifying Tractor Supply regarding underlying personal injury claims and by not providing insurance as required by the 2017 Contract related to those same underlying personal injury claims.

UniFirst did not breach any obligation to indemnify Tractor Supply. UniFirst was not required to indemnify Tractor Supply under the indemnification provision in Section 5.1 of the 2017 Contract because that provision requires Tractor Supply to indemnify UniFirst regarding Tractor Supply's use or misuse of the mats and all of the alleged underlying personal injury claims against Tractor Supply involve Tractor Supply's use or misuse of the mats. That indemnification requirement by Tractor Supply is a limitation of liability that negates any requirement that UniFirst indemnify Tractor Supply related to the mats. Even if Tractor Supply was not required to indemnify UniFirst, which it is, under the same Section 5.1, UniFirst is only required to indemnify Tractor Supply if UniFirst committed negligent acts or willful misconduct in performing its obligations under the 2017 Contract, which UniFirst did not commit.

UniFirst did not breach the requirement to provide insurance to Tractor Supply. UniFirst maintained the insurance required by Section 8.4 of the 2017 Contract and provided the Certificates of Insurance to Tractor Supply as required by the 2017 Contract. That insurance policy includes an endorsement that there is coverage of Tractor Supply as an additional insured only if the alleged underlying claim arises from UniFirst's negligent performance of its work or if UniFirst's product was defective, i.e., the mats were defective. Regarding claims tendered to the insurance company, ACE American Insurance Company ("ACE"), ACE communicated to Tractor Supply or its agent Gallagher Bassett that Tractor Supply failed to show that the underlying personal injury claims arose from UniFirst's negligent performance of its work related to the mats or any defective product (i.e., mats) from UniFirst. Without such showing, Tractor Supply is not covered as an additional insured under the policy regarding the underlying personal injury claims.

UniFirst has filed a motion to dismiss (ECF 20) asserting grounds for dismissal of the claims asserted by Tractor Supply. All such claims asserted under the 2017 Contract should be dismissed for the reasons set forth in that motion.

Finally, to the extent Tractor Supply is seeking to assert any claims under the prior agreement between UniFirst and Tractor Supply, i.e., the Textile Rental Service Agreement – Flat Goods dated August 16, 2010 ("2010 Contract," in place between August 16, 2010 and August 31, 2017), such claims must be arbitrated under the binding and enforceable arbitration provision in Section 16 of

3

Case 3:21-cv-00016   Document 34   Filed 05/12/21   Page 3 of 9 PageID #: 239

the 2010 Contract. UniFirst has filed a motion to compel such arbitration (ECF 20) to the extent the Court finds that Tractor Supply is asserting any claims under the 2010 Contract.

**For Defendant ESIS, Inc.**:

ESIS did not breach any contract or commit any tort or intentional act against Tractor Supply. Tractor Supply filed this lawsuit asserting indemnification and insurance-protection rights allegedly arising under two contracts with UniFirst. ESIS served as UniFirst's – not Tractor Supply's - third party administrator for personal injury claims brought against UniFirst. ESIS is not an insurance company and did not issue any insurance policy to UniFirst. Tractor Supply admits ESIS is not a party to any contract with Tractor Supply, but nevertheless includes ESIS in this lawsuit asserting several causes of action, without pleading any plausible facts to support its claim.

ESIS has filed a motion to dismiss (ECF 24) asserting grounds for dismissal of the claims asserted by Tractor Supply. All such claims asserted should be dismissed for the reasons set forth in ESIS's motion.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE:
 1. Liability.
 2. Damages.

4
Case 3:21-cv-00016   Document 34   Filed 05/12/21   Page 4 of 9 PageID #: 240

E.     INITIAL DISCLOSURES:  The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), which must include copies (not descriptions) of responsive documents, on or before **July 1, 2021**.

F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:  The parties must make a **minimum of two independent, substantive** attempts to resolve this case.  The parties agree that both attempts will be by mediation.  A report of mediation must be filed in accordance with Local Rule 16.05(b) or by **September 30, 2021**, whichever is earlier.  **The parties must have conducted enough discovery or otherwise exchanged enough information prior to mediation to substantively evaluate and discuss settlement.**   The deadline for filing a second mediation/joint case resolution status report is RESERVED.  Referral for pro bono mediation must be requested by motion.  Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion  for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G.     DISCOVERY: The deadlines for completion of written discovery and fact witness depositions and for filing of discovery motions are RESERVED. Discovery shall, however, proceed promptly, notwithstanding reservation of the discovery cut-off

deadline. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have either conducted an in-person meeting or spoken directly with each other in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the required in-person meeting or discussion should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting or discussion and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: The deadline for filing motions to amend or to add parties is RESERVED. Any motions to amend or to add

parties must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

I. EXPERT DISCLOSURES AND DEPOSITIONS: The schedule for disclosure of experts and reports and for completion of expert depositions is RESERVED. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically using the Court's conference line (see Docket No. 22) on **November 10, 2021 at 2:00 p.m. (CT)** to address: setting reserved deadlines; selection of a target trial date (including estimated number of trial days); setting a further case management conference; status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Counsel shall discuss these matters in advance of the subsequent case management conference and, by no later than **two (2) business days** prior to the subsequent case management conference, shall file a proposed joint second case management order that includes proposed dates for all reserved deadlines, a target trial date (including estimated number of trial days), and any other provisions for the Court's consideration. A copy of the proposed second case management order in Word format shall also be separately emailed to Ms. Cox,

Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov. Either party may request or the Court may set an earlier subsequent case management conference as appropriate based on further developments regarding resolution of the pending motions to dismiss.

K. ELECTRONIC DISCOVERY. Electronic information which is of a common type (i.e., email and documents) should be produced in a manner which may be read by commonly available computer applications. The parties anticipate reaching an additional agreement on how to conduct electronic discovery. Any agreement between the parties to address any other topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

L. DISPOSITIVE MOTIONS: The schedule for filing and briefing dispositive motions is RESERVED. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the

moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **jury** trial of this action is expected to last approximately **five (5) days**.[1] Selection of a target trial date is RESERVED.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.